UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-00229-S

DANIEL COBBLE                                                                PLAINTIFF

v.

VALUE CITY FURNITURE                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Daniel Cobble, filed this civil action against Value City Furniture. Because the court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

**I. SUMMARY OF CLAIMS**

On February 15, 2006, Plaintiff placed an order with Defendant's 3426 Preston Hwy. store to purchase a new living room suite. The order included a sofa, cocktail table, and end table. Plaintiff put down a cash deposit and paid the $1,111.93 purchase price off in full the following month. On April 20, 2006, Plaintiff's furniture was delivered to his home. During the delivery, Plaintiff noted defects in each of the three pieces, including scratches, marks, and worn places. Over the course of the next several days, the Cobble family noticed other defects with their furniture and came to the conclusion that Defendant had delivered "used" furniture to them. When Plaintiff visited Defendant's showroom, he discovered that the demo set was in pristine, new condition. Plaintiff alleges that but one conclusion can be reached from these facts-- Defendant used Plaintiff's money to purchase a new demo furniture set for its showroom and delivered the old, used set to Plaintiff.

Plaintiff informed Defendant in writing about his discovery and pointed out to Defendant that its conduct constituted theft-by-deception and fraud.  Defendant did not respond.  As a result, Plaintiff filed this suit.  Plaintiff asserts only state law claims against Defendant-- three counts of theft by deception and three counts of fraud.  He seeks a refund for the furniture in the amount of $1,111.93, $125,000.00 for mental duress, and $3,500,000.00 in punitive damages.

## II.  ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff claims that this Court has jurisdiction to hear his case because:

This matter concern[s] Defendant Value City Furniture (VCF) stealing from Plaintiff.  VCF committed the felonies of theft-by-deception and fraud.  The crimes against Plaintiff occurred in Jefferson Count[y], Ky., and VCF is domiciled in Jefferson County, Kentucky (w/corporate office in Columbus, OH).  Plaintiff continues to reside in Jefferson County, Ky.  Wherefore, the Court has jurisdiction in this matter.

(DN 4 at p.2).

Because Plaintiff is asserting only state law claims against Defendant, to properly invoke the Court's jurisdiction he is required to establish that this action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332.

As for the first requirement, Plaintiff's complaint indicates that he is a citizen of Kentucky. Plaintiff states that Defendant is "domiciled" in Jefferson County, Kentucky and that its corporate office is in Columbus, Ohio. Defendant, a corporation, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, corporate "citizenship" not "domicile" is the determinative issue in assessing diversity jurisdiction. *See Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) ("A corporation does not have a domicile; rather, its citizenship for diversity purposes is determined by its place of incorporation and its principal place of business.") Plaintiff alleges that Defendant's corporate office is in Columbus, Ohio. The Court construes this statement as an allegation that Defendant is a citizen of Ohio for diversity purposes. Moreover, the Kentucky Secretary of State's website confirms that Defendant is an Ohio corporation with its principal place of business at 800 Moler Road, Columbus, OH 43207. *See* http://sos.ky.gov/. Thus, there is diversity of citizenship between Plaintiff, a citizen of Kentucky, and Defendant, a citizen of Ohio.

The Court will next examine whether Plaintiff can satisfy the amount in controversy requirement. Plaintiff is seeking over three million dollars in compensatory and punitive damages. In a federal diversity action, the amount in controversy alleged in the complaint will

suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

      Here, Plaintiff is seeking $126,111.93 in compensatory damages, only $1,111.93 of which represents the cost of the furniture.  The other $125,000.00 Plaintiff is seeking is allegedly for mental duress.  However, Plaintiff does not allege that this incident has caused *him* any mental duress.  The only allegation of mental duress in Plaintiff's complaint relates to his wife: "Mrs. Cobble is suffering daily anxiety and over the furniture that's now wrapped and marked as 'EVIDENCE' and crowding her living room" (DN 1 at p.1).  Mrs. Cobble, however, is not a party to this action (she is not listed in the caption and she did not sign the complaint) and Plaintiff may not seek to recover compensatory damages on her behalf.  *See Newsom v. Norris*, 888 F.2d 371, 381 (6th. Cir. 1989).  Furthermore, Plaintiff filed an amended complaint on May 12, 2006 (DN 4).  The amended complaint omits the prior reference to Mrs. Cobble's alleged mental duress, and it does not add any additional allegations as related to any mental duress this incident has caused Plaintiff.  Thus, the amended complaint contains no factual allegations of mental duress.  It simply requests $125,000.00 in damages for mental duress in the prayer-for-relief section.  This is insufficient for purposes of establishing subject matter jurisdiction.  *See, e.g., Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967) ("Mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction."); *Sheehan v. Weber*, No. 91 C 3608, 1991 U.S. Dist. LEXIS 11430 (N.D. Ill. Aug. 14, 1991) (holding that conclusory allegations regarding pain and suffering are insufficient to satisfy the jurisdictional amount).  Accordingly, the only compensatory damages that the Court can consider for purposes

4

of assessing whether Plaintiff has satisfied the amount-in-controversy requirement are damages that Plaintiff is seeking to recover on his own behalf, *i.e.*, the $1,111.93 he paid for the furniture.

In addition to this amount, Plaintiff is also seeking $3,500,000.00 in punitive damages. While punitive damages are included in the calculation for the amount-in-controversy, they must bear some relationship to the actual damages. *Klepper*, 916 F.2d at 340. In this case, the amount of punitive damages sought by Plaintiff, $3.5 million, is not likely to be legally obtainable in this case. Indeed, even if Plaintiff recovered the full $1,111.93 he is seeking for the furniture, he would have to recover punitive damages over 65 times greater than his compensatory damages to satisfy the jurisdictional threshold. The Court concludes that under existing United States Supreme Court and Kentucky law, it is a "legal certainty" that such an award would not be sustainable, and therefore, is not pled in good faith. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604 (Ky. App. 2003). As such, Plaintiff cannot rely on his overinflated request for punitive damages to meet the amount-in-controversy requirement needed to establish subject matter jurisdiction. *Klepper*, 916 F.2d at 340.

> The Sixth Circuit reached the same result in a unpublished decision:
>
> Klepper revealed in his answers to interrogatories that he sought less than $ 3,000 in compensatory damages, but some $500,000 in punitive damages. Punitive damages are included in the calculation of amount in controversy. However, under Kentucky law, exemplary damages must bear some relationship to actual damages, though not necessarily a proportional relationship. *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759, 763 (Ky. 1974). Thus, as the district court correctly points out, Klepper would not be able to recover anywhere near the $ 500,000 in punitive damages in an action involving only a few thousand dollars in compensatory damages. Since no subsequent event occurred in this case to reduce the amount in controversy, this can only mean that Klepper's claims never satisfied the jurisdictional requirement. Indeed, even if Klepper were able to recover the entire

>alleged compensatory damages and also exemplary damages ten times this amount, the amount in controversy requirement would still not be met.

*Klepper v. Osborne*, No. 94-5571, 1994 U.S. App. LEXIS 28710, *3-4 (6th Cir. Oct. 11, 1994).

Thus, because the Court concludes that Plaintiff is not seeking damages that meet the amount-in-controversy requirement in good faith, this matter will be **DISMISSED** by separate order for lack of subject matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
　　　Counsel of record

4411.008